## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE ALEX ROBERTSON, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | C.A. No. C-05-197 |
| | § | |
| JOE D. DRIVER, | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION TO
## DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Joe D. Driver is a federal inmate who, at the time he filed this habeas petition pursuant to 28 U.S.C. § 2241, was incarcerated at the Federal Corrections Institute in Three Rivers, Texas.[1]  Proceeding *pro se,* he filed the petition and supporting memorandum on April 25, 2005.  (D.E. 1, 5).

On the same date, petitioner also filed two additional documents.  The first was titled as a motion to proceed and the second as a supplement to the motion to proceed.  (D.E. 6, 7).  The undersigned previously denied the motion to proceed. (D.E. 11).  Nonetheless, in issuing this Memorandum and Recommendation, the undersigned has considered the arguments and substance of both the motion to

---

[1] Petitioner has since been transferred to a federal facility in Kentucky.  (D.E. 19).  Nonetheless, jurisdiction must be judged as of the time the petition is filed.  Lee v. Wetzel, 244 F.3d 370, 375 n.5 (5th Cir. 2001).  At the time of filing, petitioner was incarcerated in this district. Thus, jurisdiction and venue over his § 2241 motion are proper.  See id.

1

proceed and its supplement, essentially treating both as supporting memoranda for petitioner's § 2241 petition.[2]

On June 29, 2005, the United States of America, through the United States Attorney, filed a response, in which it argues that the petition should be denied.[3] (D.E 15, 16).  Petitioner filed a response, (D.E. 17), which the undersigned has also considered.  For the reasons set forth herein, it is respectfully recommended that the petition be construed as a motion under § 2255 and dismissed without prejudice.

## I.  BACKGROUND FACTS AND PROCEEDINGS

On September 14, 1999, a federal grand jury in the Western District of Texas returned an indictment charging petitioner with bank robbery, in violation of 18 U.S.C. § 2113(a). (USDC No. W-99-CR-80, see D.E. 16 at Ex. B).  Petitioner pleaded guilty to the charge on November 10, 1999.  (Id. at Ex. F).

At his sentencing, held March 30, 2000, the sentencing court determined that petitioner was a career offender, resulting in a base offense level of 32 under the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines"). (Id. at Ex. E,

---

[2] See infra at pages 4-5.

[3] Respondent named by Petitioner was Joe D. Driver, Warden of FCI Three Rivers. Warden Driver, the Attorney General of the United States, and the United States Attorney for the Southern District of Texas were all served copies of the petition.  (D.E. 8).  Warden Driver has not responded, but the United States has filed a motion to dismiss.  If the District Court adopts this Memorandum and Recommendation, thereby construing the petition as a motion under 28 U.S.C. § 2255, it is also respectfully recommended that the Court direct the Clerk to replace Joe D. Driver, Warden, with the United States of America as Respondent.

at 1).  Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 29.  (Id. at Ex. E, at 1-2).  The court sentenced him to 178 months in the custody of the Bureau of Prisons, to be followed by a three-year supervised release term.  (Id. at Exs. B, F).  The sentencing court also imposed a $5,000 fine and a $100 special assessment.  (Id.).  Judgment of conviction was entered against petitioner on March 31, 2000.  (Id. at Ex. B).

Petitioner appealed from the judgment of conviction and sentence, arguing on appeal that the sentencing court erred in its application of the career offender enhancement pursuant to U.S.S.G. § 4B1.1 (2000).[4]  First, he argued that the enhancement violated his rights under Apprendi v. New Jersey, 530 U.S. 466 (2000), because the facts supporting the enhancement were not proven to a jury beyond a reasonable doubt.  (D.E. 16 at Ex. C, at 1-2).  Second, petitioner argued that the enhancement was improper "because he did not have the requisite prior convictions to support the enhancement."  (Id. at Ex. C, at 2).  The Fifth Circuit rejected both arguments and affirmed his conviction and sentence in an opinion issued November 7, 2001.  (Id. at Ex. C).

Petitioner filed a timely motion under 28 U.S.C. § 2255 on December 23, 2002.  (D.E. 16 at Exs. D, E).  In that motion, he argued that he was denied effective

---

[4]  All references are to the 2000 edition of the Guidelines.

3

assistance of counsel at sentencing because his attorney failed to argue that petitioner's prior conviction for burglary should not have been considered in determining that he was a career offender.  (<u>Id.</u> at Ex. E, at 2).  The Western District of Texas denied his motion in an order entered March 10, 2003.  (<u>Id.</u> at Exs. E, F).  That court subsequently denied him a Certificate of Appealability ("COA").  (<u>Id.</u> at Ex. F).  The Fifth Circuit also denied him a COA, and his petition for writ of certiorari was denied by the Supreme Court.  (<u>Id.</u> at Ex. F).

Petitioner later requested authorization from the Fifth Circuit to file a successive § 2255 motion, which was denied on April 5, 2005.  <u>In re Robertson</u>, No. 05-50391 (April 5, 2005 order denying motion to file a successive § 2255 motion, attached to D.E. 6 as Exhibit A).  The instant petition followed.

Petitioner filed two additional memoranda, (D.E. 6, 7),  at the same time that he filed his petition and supporting memorandum.  The first is styled as a "Motion to Proceed," and provides his arguments and reasoning as to why he should be permitted to proceed under § 2241 and the savings clause of § 2255.  (D.E. 6).  The second is a supplement to his motion to proceed and presents his arguments as to why <u>United States v. Booker</u>, 125 S. Ct. 738 (2005) should be applied retroactively. (D.E. 7).[5]  Because the motion and its supplement advance arguments in direct

---

[5]  The supplement also makes the conclusory statement that <u>Leocal v. Ashcroft</u>, 543 U.S. 1, 125 S.Ct. 377 (2004) should be applied retroactively, (D.E. 7 at 15), but provides no argument in

support of his § 2241 motion and do not ask for independent relief, the undersigned has considered those two documents as supplemental memoranda in support of the petition.

The United States of America has filed a response.  (D.E. 15, 16).  It argues that the relief sought by petitioner is properly brought in a § 2255 motion, and that his claims do not fall within the savings clause of that statute.  Petitioner's reply, (D.E. 17), reiterates many of the arguments in his earlier-filed memoranda.

## II.  PETITIONER'S ALLEGATIONS

In his petition, petitioner argues that the sentencing court erred in applying the career offender enhancement provision to him because his two prior convictions for driving while intoxicated should not be considered "crimes of violence" under U.S.S.G. § 4B1.2(a)(1).  Petitioner acknowledges the Fifth Circuit's decision to the contrary, United States v. DeSantiago-Gonzalez, 207 F.3d 261 (5th Cir. 2000).  He nonetheless argues that the decision has been overruled or eroded by Leocal, which he claims dictates that DWI convictions are not "crimes of violence."  Thus, he claims that he should be permitted to proceed under § 2241 because he is actually innocent in that he did not commit "crimes of violence."  He

---

support of that statement.  In his motion to proceed, petitioner makes general arguments as to why Leocal should be applied retroactively.  (D.E. 6 at 8-10).  It is not necessary to address the retroactivity of Leocal, because that case is inapplicable and does not control the instant case.  See infra at pages 11-14.

asks to be resentenced without the career offender enhancement.

Second, he argues that the Supreme Court's decisions in Booker and its predecessor, Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), have effectively overruled the "prior conviction exception," which exempted prior convictions from the rule of Apprendi.  In a related argument, he claims that Almendarez-Torres v. United States, 523 U.S. 224 (1998) was wrongly decided, and that it no longer enjoys majority support on the Supreme Court.  Thus, he claims that his sentence was unconstitutionally enhanced based on facts, i.e., the fact and nature of his prior convictions, that were not submitted to a jury or found beyond a reasonable doubt.  He claims that Booker is retroactive and entitles him to proceed under § 2241.

For the reasons discussed herein, the undersigned concludes that petitioner is not entitled to proceed under § 2241, and thus, his petition should be dismissed.

### III. DISCUSSION

**A.    The Interplay of § 2255 and § 2241**

The Fifth Circuit has explained the difference between motions filed pursuant to § 2255 and petitions filed pursuant to § 2241 as follows:

> Section 2255 is the primary means of collaterally attacking a federal sentence....  Section 2241 is used to attack the manner in which a sentence is executed.  A § 2241 petition which attacks errors that occur at trial or

6

sentencing is properly construed under § 2255....
Nevertheless, a § 2241 petition attacking a federally
imposed sentence may be considered *if* the petitioner
establishes the remedy under § 2255 is inadequate or
effective....

We join our sister circuits that have held that a prior
unsuccessful § 2255 motion, or the inability to meet
AEDPA's "second or successive" requirement does *not*
make § 2255 inadequate or effective....  [Petitioner] is
simply attempting to circumvent the limitations on filing
successive § 2255 motions.

Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000) (per curiam) (italics in

original) (internal citations omitted); see also Pack v. Yusuff, 218 F.3d 448, 452-54

(5th Cir. 2000).

Thus, a § 2241 petition which attacks errors that occurred at trial or

sentencing must either be dismissed, or construed as a § 2255 motion to vacate, set

aside, or correct a sentence.  Pack, 218 F.3d at 452.  There is an exception to this

rule, however, as discussed in Tolliver.  Specifically, a § 2241 petition attacking a

federally imposed sentence may be considered if the petitioner establishes that the

remedy under § 2255 is "inadequate or ineffective," thereby invoking the savings

clause of § 2255.  Tolliver, 211 F.3d at 878.

The savings clause provides as follows:

An application for a writ of habeas corpus in behalf of a
prisoner who is authorized to apply for relief by motion
pursuant to this section, shall not be entertained if it

7

appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.</u>

28 U.S.C. § 2255 (emphasis added).

A petitioner must satisfy a two-prong test before the savings clause can be invoked to address errors occurring at trial or sentencing in a petition filed under § 2241. The Fifth Circuit has explained the test as follows:

[T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. Under these circumstances, it can be fairly said, in the language of the savings clause, that the 'remedy by a [successive § 2255] motion is inadequate or ineffective to test the legality of [the petitioner's] detention.' Of course, this test will operate in the context of our existing jurisprudence regarding what is *not* sufficient to obtain access of the savings clause.

<u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001) (italics in original) (citing <u>Pack</u>, 218 F.3d at 452). Section 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. <u>Id.</u> at 901 (citing <u>Pack</u>, 218 F.3d at 452; <u>Kinder v. Purdy</u>, 222 F.3d 209, 214 (5th Cir. 2000)). Notably, a § 2255 motion is not inadequate or

8

ineffective merely because a petitioner cannot meet the "second or successive" requirements under the Anti-Terrorism and Effective Death Penalty Act. <u>Pack</u>, 218 F.3d at 452-453 (citations omitted). Similarly, the procedural barrier of a prior unsuccessful § 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy. <u>Id.</u> at 453.

Here, petitioner's claims attack proceedings before and during sentencing. Thus, he seeks relief that is available not pursuant to § 2241, but pursuant to § 2255. His petition recognizes this, but he argues that his claim falls within the savings clause of § 2255, and thus may be brought in a § 2241 motion. (<u>See generally</u> D.E. 6). For the reasons set forth in the next section, the undersigned disagrees. His claim does not fall within the savings clause, and his petition should be dismissed.

**B.    The Savings Clause of § 2255 Is Inapplicable to Petitioner's Claims.**

**1.    Petitioner Has Not Alleged or Shown Actual Innocence.**

A prisoner seeking to invoke the savings clause of § 2255 must show that he is asserting a claim of actual innocence

> (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion.

9

Padilla v. United States, 416 F.3d 424, 426 (5th Cir. 2005) (per curiam) (quoting

Reyes-Requena, 243 F.3d at 893).

Petitioner's attempts to utilize the savings clause fail in the first instance

because he has not even alleged, let alone shown, that he is actually innocent of the

crime of conviction, i.e., bank robbery.  Rather, all of this arguments are premised

on his being "innocent" of a "crime of violence," warranting the career offender

enhancement.  In other words, he claims that he can satisfy the actual innocence

prong of Reyes-Requena (also described as being convicted of a non-existent

offense) because he was sentenced as a career offender based on "crimes of

violence" that were not in fact "crimes of violence."

Quite simply, his claim is not the type of actual innocence claim

contemplated by the savings clause.  Kinder, 222 F.3d at 213-14 (petitioner's

argument that his underlying conviction could not support application of the career

offender provisions is not the same as an argument that "he is innocent of the crime

for which he was convicted," and the former, even if correct, would not entitle him

to proceed under § 2255's savings clause).  Accordingly, petitioner  does not meet

the criteria for proceeding under the savings clause for this reason alone.

## 2.    Petitioner Has Not Identified A Retroactively Applicable Supreme Court Decision That Proves Actual Innocence.

Moreover, neither <u>Leocal</u> nor <u>Booker</u>, the two primary cases upon which petitioner relies as the retroactively applicable Supreme Court decisions showing his innocence, are of any assistance to him.  <u>Leocal</u> addressed an entirely different statute than the guideline at issue here and thus, does not govern this case.  His reliance on <u>Booker</u> is similarly misplaced, because the Fifth Circuit has held that <u>Booker</u> is not retroactively applicable to cases on collateral review.

### a.    Applicability of <u>Leocal</u>.

In <u>DeSantiago-Gonzales</u>, a decision directly applicable to petitioner's arguments, the Fifth Circuit identified the "central issue" as follows:

> [D]oes the misdemeanor offense of driving while intoxicated implicate §4B1.2 because such an offense, by its very nature, "involves conduct that presents a serious potential risk of physical injury to another"?

207 F.3d at 263 (quoting U.S.S.G. § 4B1.2, application note 1).  In <u>DeSantiago-Gonzalez</u>, the district court had increased the offense level of a defendant who had three prior misdemeanor convictions for driving while intoxicated, after finding that those offenses constituted a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(B).[6]

---

[6]  In <u>DeSantiago-Gonzalez</u>, the defendant was not sentenced as a career offender.  Rather, he was convicted of illegal reentry, and his sentence was increased pursuant to U.S.S.G. § 2L1.2, because he was previously deported after three or more misdemeanor crimes of violence.  Whether an offense is a "crime of violence" pursuant to § 2L1.2, however, is determined by

The Fifth Circuit affirmed, concluding that "the very nature of the crime of DWI presents a 'serious risk of physical injury' to others, and makes DWI a crime of violence." 207 F.3d at 264. Petitioner acknowledges the holding in DeSantiago-Rodriguez, but claims that the case has been overruled by the Supreme Court's decision in Leocal.

In Leocal, a permanent lawful resident was convicted of driving under the influence of alcohol ("DUI") under Florida law. 125 S. Ct. at 379. An Immigration Judge and the Board of Immigration Appeals ordered that he be deported pursuant to §237(a) of the Immigration and Nationality Act. They classified his DUI conviction as a "crime of violence" pursuant to 18 U.S.C. § 16, thereby subjecting him to removal. Id. at 379-80. The Eleventh Circuit affirmed, and the Supreme Court reversed. Id. at 380.

Title 18 U.S.C. § 16, the statute at issue in Leocal, defines a crime of violence as a felony offense "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. at 380 (quoting 18 U.S.C. § 16(b)). The Supreme Court reasoned that the statute's requirement that physical force be used implied a mens rea that

_____

reference to the definition in § 4B1.2. Accordingly, the DeSantiago-Gonzalez court was interpreting the same definition of "crime of violence" that was utilized in sentencing petitioner as a career offender.

was not necessarily present in the offense of operating a vehicle while intoxicated.
Id. at 383-84. Thus, the Court concluded that DUI did not fall within the definition
of a "crime of violence" set forth in 18 U.S.C. § 16(b).

The statute at issue in Leocal, however, played no role whatsoever in
petitioner's sentencing. He was determined to be a career offender under § 4B1.1
of the Guidelines, because he had two prior convictions for drinking while
intoxicated. The district court determined that those crimes were "crimes of
violence" under the definition in § 4B1.2(a)(2), which contains a different
definition of a crime of violence that 18 U.S.C. § 16. Specifically, the guideline
states that a crime of violence is:

> ... any offense under federal or state law, punishable by
> imprisonment for a term exceeding one year, that
>
> > (1) has as an element the use, attempted use, or
> > threatened use of physical force against the person
> > of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion,
> > involves use of explosives, or otherwise involves
> > conduct that presents a serious potential risk of
> > physical injury to another.

U.S.S.G. § 4B1.2(a) (emphasis added); see also U.S.S.G. § 4B1.2, application note 1
(a crime is a "crime of violence" if the conduct charged, "by its nature, presented a
serious potential risk of physical injury to another"). The sentencing court in

petitioner's case concluded that his prior DWI convictions fell within the emphasized portion of the guideline.

Leocal does not alter the correctness of that conclusion.  In stark contrast to the statute at issue in Leocal, which includes a requirement of a substantial risk of the use of physical force, the definition in § 4B1.2 contains no such requirement.  Thus, the Leocal holding does not dictate the meaning of § 4B1.2.  Indeed, the Leocal court itself noted the distinction.  125 S. Ct. at 383 n.7 (comparing U.S.S.G. § 4B1.2 with 18 U.S.C. § 16(b)).  Accordingly, the Leocal holding is distinguishable and does not overrule or otherwise diminish the holding of DeSantiago-Gonzalez, which is directly on point.  Leocal simply does not establish that petitioner was convicted of a non-existent offense.  See Reyes-Requena, 243 F.3d at 904.  Thus, it does not entitle him to proceed under § 2241.[7]

_____

[7] Petitioner advances two additional arguments related to Leocal, neither of which merit an extended discussion.  First, in both his initial memorandum and his reply, petitioner suggests that the legal system is affording leniency for "drunk driving immigrants" but not for its own citizens.  (D.E. 17 at 3; D.E. 5 at 18).  Second, he argues that the concept of in pari materia requires that the term "crime of violence" be construed identically in both the statute addressed in Leocal and the Guidelines.  (See generally D.E. 17 at 4-10).

Both arguments are premised on a misunderstanding of the distinction between the statute addressed in Leocal and the Guidelines.  The difference in interpretations between the two provisions does *not* mean that immigrants who are convicted of drunk driving are treated more leniently than citizens as to the issue of career offender status under the Guidelines.  It simply means that Congress defined a "crime of violence" differently for purposes of the removal of aliens than for the career offender provisions.

His arguments regarding in pari materia are likewise infirm.  The pertinent principle of statutory construction is that "statutes in pari materia [i.e., statutes that are related or on the same subject matter] may be construed together, so that inconsistencies in one statute may be resolved by looking at another statute on the same subject."  Black's Law Dictionary 807 (8th ed. 2004).  In this

14

## b.  <u>Booker</u> Is Not A Retroactively Applicable Decision Establishing Petitioner's Innocence.

Petitioner also argues that his claims fall within § 2255's savings clause because they rely on another retroactively applicable Supreme Court decision, <u>i.e.</u>, <u>Booker</u>.  (<u>See</u> <u>generally</u> D.E. 6).  His argument is foreclosed by the Fifth Circuit's recent decision in <u>Padilla</u>.  <u>See</u> 416 F.3d at 427.

Like petitioner here, the petitioner in <u>Padilla</u> sought relief pursuant to § 2241, arguing that his claims fell within § 2255's savings clause.  In pertinent part, he argued that the sentencing court had improperly enhanced his sentence by two levels for possession of a deadly weapon, because the enhancement was unconstitutional under the Supreme Court's decisions in <u>Booker</u> and its predecessor, <u>Blakely</u>.  Both cases were decided after his sentencing.

In <u>Padilla</u>, the district court determined that the appropriate vehicle for his claims was a § 2255 motion, construed his petition as a § 2255 motion, and dismissed the petition as "second or successive."  416 F.3d at 425.  In addressing Padilla's <u>Booker</u> claim, the Fifth Circuit noted first that his claim challenging the enhancement of his sentence failed to satisfy the first <u>Reyes-Requena</u> prong because

---

case, there is no inconsistency within a single statute, and thus, the principle is inapplicable. Instead, the statute in <u>Leocal</u> and the Guidelines simply define a term differently.  Obviously, there is no legal requirement that different statutes contain exactly the same definitions.  Thus, petitioner's arguments on this point are unpersuasive.

Booker's holding is not retroactively applicable to cases on collateral review.  Id. at

427.  Moreover, the sentence enhancement, even if violative of the general

principles of Booker, did not "demonstrate that Padilla was convicted of a

nonexistent offense, and has no effect on whether the facts of his case would

support his conviction for the substantive offense."  Id.

To the extent that petitioner argues he should be able to proceed under the

savings clause due to Booker, Padilla is controlling.  As with the petitioner's claims

in Padilla, the Booker claims in the instant petition do not satisfy the first Reyes-

Requena prong, nor do they demonstrate that he was convicted of a non-existent

offense.

Petitioner also makes the related argument that the Supreme Court's decision

in Almendarez-Torres is no longer good law.  (See D.E. 5 at 10-16).  In

Almendarez-Torres, a pre-Apprendi case, the Supreme Court held that Congress

intended to set forth a sentencing factor in 8 U.S.C. § 1326(b)(2)[8] and not a separate

criminal offense.  523 U.S. 235.  Thus, the Almendarez-Torres court concluded that

it was not necessary for the factor to be contained in the indictment or found by a

jury beyond a reasonable doubt.  This case was the genesis of the prior conviction

exception to the rule of Apprendi.  See Apprendi, 530 U.S. at 487-90 (calling

---

[8] Subsection (b) increases the criminal penalties for reentry of certain removed aliens, including additional penalties for those previously convicted of certain crimes.

16

Almendarez-Torres an "exceptional departure," but declining to revisit the issue and treating the case as a "narrow exception" to the general rule set forth in Apprendi).

Petitioner argues, however, that subsequent decisions of the Supreme Court (including Blakely and Booker) have called the continuing vitality of  Almendarez-Torres and the prior conviction exception into doubt.  Petitioner therefore argues that prior convictions that result in an enhanced sentence (like his DWI convictions) are constitutionally required to be charged in the indictment and either admitted by the defendant or found by a jury.  The government's failure to do so in this case, he argues, violated his constitutional rights.  Essentially, he argues that Almendarez-Torres was wrongly decided, has been eroded, and that it should be reconsidered and overruled.[9]

As an initial matter, the undersigned notes that both it and the district court are powerless to overturn Supreme Court precedent.  Moreover, the Supreme

_____

[9] Justice Thomas, the key fifth vote in the Almendarez-Torres five-member majority, has recently espoused the same view:

> Almendarez-Torres ... has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almendarez-Torres was wrongly decided.  See 523 U. S., at 248–249 (SCALIA, J., joined by STEVENS, SOUTER, and GINSBURG, JJ., dissenting); Apprendi, supra, at 520–521 (THOMAS, J., concurring).  The parties do not request it here, but in an appropriate case, this Court should consider Almendarez-Torres' continuing viability.

Shepard v. United States, 125 S. Ct. 1254, 1264 (2005) (THOMAS, J., concurring).

Court's recent decisions have continued to reaffirm that the fact of a prior conviction is explicitly exempted from the Apprendi rule.  See, e.g., Apprendi, 530 U.S. at 490 ("**Other than the fact of a prior conviction**, any fact that increases the penalty beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added).  Indeed, in both Blakely and Booker, the Supreme Court explicitly noted an exception for the fact of a prior conviction.  See, e.g., Blakely, 124 S. Ct. at 2536 (quoting same passage from Apprendi); Booker, 125 S. Ct. at 756 ("we reaffirm our holding in Apprendi: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."); but see supra note 9.  Thus, even the recent decisions relied upon by petitioner continue to uphold the prior conviction exception first set forth in Almendarez-Torres.  Again, then, petitioner has failed to identify a retroactively applicable Supreme Court decision that establishes his actual innocence.

For all of the foregoing reasons, the undersigned concludes that petitioner's claims do not entitle him to proceed under the savings clause.

**C.    Construed As A § 2255 Motion, Petitioner's Motion Is Not Properly Before The Court.**

Where a petitioner is not entitled to proceed under the savings clause and § 2241, it is appropriate for this Court to construe his petition as a motion pursuant to § 2255.  Pack, 218 F.3d at 452 ("A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion.").  Thus, petitioner's motion is properly construed as a § 2255 motion.

Construed as a § 2255 motion, the Southern District of Texas does not have jurisdiction over petitioner's motion.  Section 2255 motions must be filed in the court where the sentence or conviction being challenged was imposed.  Because petitioner is challenging a sentence imposed by the Western District of Texas, his § 2255 motion should be filed there.[10]  Because jurisdiction is not proper in this district, it is respectfully recommended that the Court dismiss the motion without prejudice, rather than transferring a petition it does not have jurisdiction over.  Lee,

---

[10]  The undersigned also notes, however, that construed as a § 2255 motion, petitioner's motion is likely a "second or successive" motion.  See United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (a motion is "second or successive" when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.") (emphasis added) (internal citation omitted).  Petitioner is required to seek and acquire the approval of the Fifth Circuit before filing a second or successive § 2255 motion.  See Tolliver, 211 F.3d at 877; 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

244 F.3d at 375 & n.4.

## IV.  RECOMMENDATION

For the reasons set forth herein, it is respectfully recommended that petitioner's petition for relief pursuant to 28 U.S.C. § 2241, (D.E. 1), be construed as a motion under 28 U.S.C. § 2255 and dismissed without prejudice.  Finally, should the Court adopt this Memorandum and Recommendation and conclude that petitioner's petition is properly construed as a § 2255 motion, it is respectfully recommended that the Court direct the Clerk to change the name of the Respondent from Joe D. Driver to the United States of America.  See supra note 2.

Signed this 21st day of October 2005.


_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, 28 U.S.C. § 636(b)(1)(C), and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).