IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE ALEX ROBERTSON | § | |
| | § | |
| v. | § | C.A. NO. C-05-197 |
| | § | |
| UNITED STATES OF AMERICA. | § | |

### ORDER DENYING MOTION TO HOLD CASE IN ABEYANCE

This is a petition for writ of habeas corpus filed by a federal inmate pursuant to 28 U.S.C. § 2241. Pending is petitioner's motion to hold his case in abeyance. (D.E. 29). In his motion, he argues that two cases currently pending before the Supreme Court are analogous to the issues he has presented to this Court, and therefore, he moves the Court to stay further action in this case pending resolution of the Supreme Court cases. Id. at 3.

### I. CASE HISTORY

On April 25, 2005, petitioner filed this petition seeking habeas relief. (D.E. 1). He raises two grounds for relief in his petition. First, he asserts that the sentencing court erred in applying the career offender enhancement provision to him because his prior convictions did not constitute "crimes of violence." Second, he argues that his sentence was unconstitutionally enhanced because the facts and nature of his prior convictions were not submitted to a jury or found beyond a reasonable doubt. To support his second argument, he contends that the Supreme Court's decisions in United States v. Booker, 543 U.S. 220 (2005), and Blakely v.

1

Washington, 542 U.S. 296 (2004), have effectively overruled the prior conviction exception.[1]
He further argues that the Supreme Court has called into question its pronouncement of the prior conviction exception established in Almendarez-Torres v. United States, 523 U.S. 224 (1998).

On January 31, 2006, an amended memorandum and recommendation was issued recommending the dismissal of his petition with prejudice for want of jurisdiction.  (D.E. 24). Petitioner filed objections to the memorandum and recommendation.  (D.E. 31).

On March 13, 2006, petitioner filed this motion to hold his case in abeyance.  He now argues that the Supreme Court has granted certiorari in two cases that deal with issues analogous to the issues being contemplated by this Court: Cunningham v. California, 74 U.S.L.W. 3457, 2006 WL 386377 (U.S. Feb. 21, 2006) (No. 05-6551), and Washington v. Recuenco, 126 S. Ct. 478 (U.S. Oct. 17, 2005) (No. 05-83).

## II.  DISCUSSION

A review of the issues presented to the Supreme Court in Cunningham and Recuenco reveal that both cases are distinguishable from petitioner's case.  In Cunningham, the defendant is challenging judge-made findings of aggravating factors based on conduct related to the charged offense that were used to enhance his sentence pursuant to California law.  Cunningham v. California, No. 05-6551, 2005 WL 3785203, at 20 (U.S. Sept. 17, 2005) (petition for writ of certiorari).  The case "is therefore unencumbered by the complexity of the recidivist-related aggravating factors exception to the jury trial right identified in Almendarez-Torres v. United States, 523 U.S. 224 (1998)."  Id.  In Recuenco, the "question presented ... is whether error as to

---

[1] The prior conviction exception exempts prior convictions from the rule pronounced in Apprendi v. New Jersey, 530 U.S. 466 (2000).  The Supreme Court held in Apprendi that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Id. at 490.

the definition of a sentencing enhancement should be subject to harmless error analysis where it is shown beyond a reasonable doubt that the error did not contribute to the verdict on the enhancement." Washington v. Recuenco, No. 05-83, 2005 WL 1660296, at i (U.S. July 13, 2005) (petition for writ of certiorari).  Neither of the defendants in these cases are challenging sentences that were enhanced on the basis of prior convictions.  Thus, the prior conviction exception pronounced in Almendarez-Torres is not before the Supreme Court in either of these cases.

The Fifth Circuit has repeatedly rejected arguments similar to petitioner's argument challenging the continuing validity of Almendarez-Torres, and held that Almendarez-Torres remains binding despite the holding in Apprendi.  United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005), cert. denied, _ U.S. _, 126 S. Ct. 298 (2005).  Additionally, the Fifth Circuit has squarely held that Booker does not apply retroactively on collateral review.  United States v. Gentry, 432 F.3d 600, 605 (5th Cir. 2005).  Thus, any claim based on Almendarez-Torres or Booker fails for this reason.

The petitioner is simply trying to preserve his rights in the hope that the Supreme Court will reverse Almendarez-Torres and determine that it should be applied retroactively.  The Supreme Court has noted that it is a rare case where the Supreme Court announces a new rule of constitutional law and makes it retroactive within one year of its decision.  Dodd v. United States, _ U.S. _, 125 S. Ct. 2478, 2483 (2005).  As the law stands now, petitioner is not entitled to relief under Almendarez-Torres or Booker, and this Court must apply the existing law.

### III.  CONCLUSION

For the foregoing reasons, petitioner's motion for abeyance, (D.E. 29), is DENIED.

Ordered this 17th day of March 2006.

*[signature]*
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE